JS 44   (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Harleysville Insurance Company and Harleysville Worcester Insurance Company

**DEFENDANTS**

Prince Law Offices, P.C., Joshua Prince, Civil Rights Defense Firm, P.C., Darin McMahon, Tiffany McMahon and Sean McMahon

**(b)** County of Residence of First Listed Plaintiff _____Franklin County, Ohio_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____Berks County, PA_____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
William T. Salzer, Esquire; Swartz Campbell LLC; 1650 Market Street, One Liberty Place, 38th Floor, Philadelphia, PA 19103
Phone: 215-299-4346; email: wsalzer@swartzcampbell.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 2201 ; 28 U.S.C. §1332

Brief description of cause:
Declaratory Judgment Action

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE   Joseph F. Leeson, Jr.
DOCKET NUMBER   19-05292

DATE   2/__/20

SIGNATURE OF ATTORNEY OF RECORD
W. [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 02/19)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:    One West Nationwide Boulevard, Columbus, Ohio 43215-2220

Address of Defendant:    646 Lenape Road, Bechtelsville, PA 19505

Place of Accident, Incident or Transaction:    103-105 Kraemer Avenue, Stroudsburg, PA

**RELATED CASE, IF ANY:**

Case Number:  **19-05292**                 Judge:  **Joseph F. Leeson, Jr.**                 Date Terminated:

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☒    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2/11/20_          X _____ Must sign here          42657
                              *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*                          **B.**    *Diversity Jurisdiction Cases:*

☐  1.  Indemnity Contract, Marine Contract, and All Other Contracts      ☒  1.  Insurance Contract and Other Contracts
☐  2.  FELA                                                                ☐  2.  Airplane Personal Injury
☐  3.  Jones Act-Personal Injury                                          ☐  3.  Assault, Defamation
☐  4.  Antitrust                                                          ☐  4.  Marine Personal Injury
☐  5.  Patent                                                            ☐  5.  Motor Vehicle Personal Injury
☐  6.  Labor-Management Relations                                        ☐  6.  Other Personal Injury *(Please specify):* _____
☐  7.  Civil Rights                                                      ☐  7.  Products Liability
☐  8.  Habeas Corpus                                                      ☐  8.  Products Liability – Asbestos
☐  9.  Securities Act(s) Cases                                            ☐  9.  All other Diversity Cases
☐  10. Social Security Review Cases                                               *(Please specify):* _____
☐  11. All other Federal Question Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _William T. Salzer_ , counsel of record *or pro se plaintiff*, do hereby certify:

☒    Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐    Relief other than monetary damages is sought.

DATE: _2/11/20_          _____ Sign here if applicable          42657
                              *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Harleysville Insurance Company and | : | CIVIL ACTION |
| Harleysville Worcester Insurance Company | : | |
| v. | : | |
| Prince Law Offices, P.C., Joshua Prince, Civil Rights Defense | : | |
| Firm, P.C., Darin McMahon, Tiffany McMahon and Sean McMahon | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.          ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☒)

| | | |
|---|---|---|
| 2/11/20 | _[signature]_ | |
| **Date** | **Attorney-at-law** | **Attorney for**  Plaintiffs |
| 215-299-4346 | 215-299-4301 | wsalzer @ swartzcampbell.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SWARTZ CAMPBELL LLC**
**BY:**    William T. Salzer, Esquire          Attorneys for Plaintiffs
Identification No. 42657
One Liberty Place · 38th Floor
1650 Market Street
Philadelphia, PA 19103
(215) 564-5190
wsalzer@swartzcampbell.com

| | |
|---|---|
| HARLEYSVILLE INSURANCE COMPANY AND HARLEYSVILLE WORCESTER INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> PRINCE LAW OFFICES, P.C., JOSHUA PRINCE, CIVIL RIGHTS DEFENSE FIRM, P.C., DARIN MCMAHON, TIFFANY MCMAHON AND SEAN MCMAHON, <br><br> Defendants. | CIVIL ACTION <br><br> NO. |

## DECLARATORY JUDGMENT COMPLAINT

Plaintiffs, Harleysville Insurance Company and Harleysville Worcester Insurance Company (hereinafter collectively referred to as "Harleysville"), by the undersigned counsel, brings this Declaratory Judgment Complaint pursuant to the Declaratory Judgments Act, 28 U.S.C. §2201, and aver as follows:

1

## I.   PARTIES

1.      Plaintiff, Harleysville Insurance Company is a corporation organized under the laws of the state of Minnesota, domiciled in the Commonwealth of Pennsylvania in November 2006 and re-domesticated in the state of Ohio on December 1, 2017, with a principal place of business and statutory office located at One West Nationwide Boulevard, Columbus, Ohio, 43215-2220.

2.      Plaintiff, Harleysville Worcester Insurance Company is a corporation initially organized under the laws of the Commonwealth of Massachusetts and re-domesticated in the state of Ohio on December 1, 2017, with a principal place of business and statutory office located at One West Nationwide Boulevard, Columbus, Ohio, 43215-2220.

3.      Defendant, Prince Law Offices, P.C., is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania and which maintains a principal place of business at 646 Lenape Road, Bechtelsville, Pennsylvania 19505.

4.      The Civil Rights Defense Firm, P.c. is a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business of 646 Lenape Road, Bechtelsville, Pennsylvania 19505.

5.      Defendant, Joshua Prince is an individual who, upon information and belief, resides at 789 Delong Road, Alburtis, Pennsylvania 18011-2118.

2

6.     Defendants Darin and Tiffany McMahon are individuals, upon information and belief, residing at 16042 Fox Club Circle, Milton, Delaware and are named as potentially interested parties.

7.     Defendant, Sean McMahon, is an individual, upon information and belief, residing at 22190 Jefferson Road, Lincoln, Delaware and is named as a potentially interested party.

## II.     JURISDICTION and VENUE

8.     This is action is brought under the Declaratory Judgments Act, 28 U.S.C. §2201.

9.     This court has jurisdiction over the Plaintiffs' claim pursuant to diversity jurisdiction under 28 U.S.C. §1332 because the amount in controversy is over $75,000 and the lawsuit involves citizens of different states.

10.     Venue in this court is appropriate under 28 U.S.C. §1391 as the policy(ies) of insurance which are the subject matter of this lawsuit were issued to the policyholder Prince Law Offices, P.C. within this judicial district and the underlying litigation to which the declaratory judgment action relates is pending in this court.

## III.     THE UNDERLYING CIVIL ACTION

11.     The Prince Law Offices, P.C., the Civil Rights Defense Firm, P.C. and Joshua Prince are defendants in a civil action brought by Darin and Tiffany McMahon and Sean McMahon in the United States District Court for the Eastern District of Pennsylvania, Docket 5:19-cv-05292-JFL, captioned, <u>Darin and Tiffany McMahon et al v. Rockwell Tactical Group, LLC et al.</u> ("the McMahon Action"). A true and correct

3

copy of the Amended Complaint filed in the McMahon Action is attached as Exhibit A.

12.   The Plaintiffs in the McMahon Action seek recovery of damages on account of the shooting of Darin McMahon which took place on September 15, 2019 at a firearms training facility located at 103-105 Kraemer Avenue in Stroudsburg, Pennsylvania.

13.   According to the Amended Complaint filed in the McMahon Action, Darin McMahon was an attendee in a simulated "force-on-force" firearms training session at a training facility operated by Threat Assessment and Tactical Solutions Group, LLC ("TATS").

14.   TATS is alleged to be a reality based firearms and defensive measures training company that provides training to law enforcement officers, armed professionals and responsible citizens to survive imminent and real world threats. Complaint, ¶26.

15.   Rockwell Training Group ("RTG") is alleged to provide weapons training in which participants use modified guns manufactured by Ultimate Training Munitions, Inc. ("UTM") that are chambered to shoot paint or chalk markings. Complaint, ¶30-33. These firearms are typically identified by a brightly colored marking on the weapon. Id. at ¶34.

16.   TATS conducts the training in a "shoot-house" complex in which a "force-on-force" scenario is created by role players. The "aggressor role players" during the incident were shooting range instructors Joshua Prince and Cody Saylor. Id.at ¶36.

4

17.    UTM created safety guidelines for the training which require that there be a primary safety controller to inspect the training area and that all participants double check and confirm the absence of any "live"; i.e., not modified weapons and the to confirm the lack of "live" ammunition. Id. at ¶37.

18.    UTM safety guidelines also require that every role player and the aggressor in the training scenario be familiar with the weapons system used and that they adhere to all safety requirements, including a "buddy check" and a "check twice" protocol. Id. The McMahon Plaintiffs aver that these protocols were not followed prior to the shooting incident.

19.    The aggressor role players for the training were Cody Saylor and Joshua Prince. Id. at ¶36.

20.    Darin McMahon entered the TATS shoot-house to participate in the simulations. Id. at ¶39.

21.    Plaintiffs allege that each attendee and participant were supposed to be frisked, but that this did not take place. Id. at ¶54. The Defendants including Joshua Prince did not frisk attendees. Id. at ¶57. No security was employed to ensure that live round firearms were not brought into the facility. Id. at ¶55.

22.    The instructor role players, Cody Saylor and Joshua Prince, did not frisk each other prior to the incident. Id. at ¶63.

23.    Each attendee was to enter the shoot-house and react to the force-on-force scenario exhibited by Prince and Saylor. Prince, Saylor and McMahon were to have been equipped with the modified UTM firearm. Id. at ¶64. Plaintiffs allege that

5

Saylor did not switch out his Glock firearm which was not detected because he was not frisked by Prince or Murr. Id.

24.    Saylor shot McMahon with a live round. Id. at ¶66.

25.    After the shooting, Prince told police that he represented Murr and Saylor and that they would remain silent with regard to the incident, consistent with legal advice that he provided attendees during an earlier break in the training session. Id. at ¶59, 71.

26.    The McMahon Plaintiffs allege that Prince and others held themselves out as instructors but were not adequately trained, qualified or certified to be an instructor. Id. at ¶91.

27.    Plaintiff Darin McMahon avers a negligence claim in which it is alleged that the Defendants negligently engaged in a reality based force-on-force training and that they each had a duty to make certain that Saylor did not have a real weapon. Id. at ¶94-95.   The McMahon Plaintiffs allege that the Defendants failed to frisk Saylor prior to his entering the shoot-house or immediately prior to the training session to identify that he had a real loaded weapon.

28.    Plaintiffs Tiffany and Sean McMahon aver a claim for negligent infliction of emotional distress based on the event of the shooting and injuries sustained to Darin McMahon.   Tiffany McMahon also seeks recovery of damages on account of a loss of consortium.

**The Harleysville Insurance Policies**

29.    Harleysville Insurance Company issued a Businessowners Policy (Policy No. BOP 43362C) to Prince Law Offices, P.C., a corporation, which was in effect for the period April 1, 2019 through April 1, 2020.  A true and correct copy of the Declarations and pertinent coverage forms is attached as Exhibit B.

30.    The Businessowners Policy contains Coverage Form BP 0003 (01 06) which is modified by the Coverage Form BP 0412 (0106) entitled Limitation of Coverage to Designated Premises or Project.

31.    The Limitation of Coverage to Designated Premises or Project endorsement states:

The following is added to Section II-Liability

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expense arising out of:

1.    The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.    The project shown in the Schedule.

32.    The premises identified on the Limitation of Coverage to Designated Premises or Project endorsements for the subject Businessowners policy are 646 Lenape Road, Bechtelsville, Pennsylvania 19505; 42 S. 5th Street, Reading, Pennsylvania 19601; 2081 E. High Street, Pottstown, Pennsylvania 19464; 2015 W. Hamilton Street, Allentown, Pennsylvania 18104-6472.

33.    The location of TATS facility where the accident took place is not a designated premises on the Businessowners Policy.

7

34.   The Limitation of Coverage to Designated Premises or Project endorsements do not identify any "project".

35.   The Businessowners Policy was issued to a corporate named insured. The Policy defines who is an insured under Section C which provides, in pertinent part:

1.   If you are designated in the Declarations as:

   c.   A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

   d.   An organization other than a partnership, joint venture or limited liability company, you are an insured.   Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.   Each of the following is also an insured:

   a.   Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees" other than either your "executive officers" ..., but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

36.   The Businessowners Policy provides that no person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a named insured in the Declarations.

37.   Upon information and belief, the Civil Rights Defense Firm, P.C. is a professional corporation organized and existing under the laws of the Commonwealth

8

of Pennsylvania, having been incorporated as a Pennsylvania "for profit" corporation on or about March 15, 2016.

38.     Upon information and belief, the principal shareholder or member of The Civil Rights Defense Firm, P.C. is Joshua Prince.

39.     According to the website of the Civil Rights Defense Firm, P.C., its chief counsel, Joshua Prince, through a division called the Firearms Industry Consulting Group, provides legal representation to persons, organizations and the firearms industry dedicated to the protection of gun owner rights under the federal and state constitution and state and local statutes and ordinances.     This includes legal representation to gun clubs and gun ranges.

40.     According to its website, the Civil Rights Defense Firm, P.C. is a "division" of the Prince Law Offices, P.C.

41.     The Civil Rights Defense Firm, P.C. is not identified on the Businessowners Policy Declarations or endorsements as a named insured, additional insured, nor does it qualify as an Insured under the Who Is An Insured provisions of the Businessowners policy.  The Businessowners policy does not confer insured status to a corporate entity that is not identified on the policy Declarations.

42.     The Harleysville Policy contains Endorsement BOP-7018 (Ed. 1-06), which adds to Section II.E. the following:

> If more than one policy issued to you by us or any company affiliated with us applies to the same "occurrence" or offense, the most we will pay for "bodily injury", "property damage" or "personal and advertising injury" arising out of such "occurrence" or offense is the highest applicable Limit of Insurance under any one policy, regardless of the number of policies issued to you by

us or any company affiliated with us that apply to the same "occurrence" or offense. This condition does not apply to any policy issued by us or any affiliated company specifically to apply as excess insurance over this insurance.

43.     Harleysville Worcester Insurance Company issued a Commercial General Liability insurance policy to Prince Law Offices, P.C., a corporation (Policy NO. MPA 44340C) for the period April 1, 2019 through April 1, 2020. A true and correct copy of the Declarations and pertinent endorsements of said policy is attached as Exhibit C.

44.     The Commercial General Liability policy insured property located at 789 Delong Road, Alburtis, Pennsylvania.

45.     The Commercial General Liability policy contains Coverage Form CG 0001 (12 07) which is modified by Endorsement CG 2144 (07 98) which is a Limitation of Coverage to Designated Premises or Project endorsement.

46.     The Limitation of Coverage to Designated Premises or Project endorsement modifies the coverage afforded under the Commercial General Liability policy as follows:

The following is added to Section II – Liability

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expense arising out of:

1.     The ownership, maintenance and use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2.     The project shown in the Schedule.

10

47.   The endorsement identifies the premises located at 789 Delong Road, Alburtis, Pennsylvania.  The endorsement does not identify a project.

48.   The location of TATS facility where the accident took place is not a designated premises on the Commercial General Liability Policy.

49.   The Civil Rights Defense Firm, P.C. is not identified on the Harleysville Worcester Commercial General Liability Policy Declarations or endorsements as a named insured, additional insured, nor does it qualify as an Insured under the Who Is An Insured provisions of the Commercial General Liability policy.

50.   The Harleysville Worcester Commercial General Liability policy contains Endorsement CG-7105, captioned Non-Pyramiding of Limits, which states:

> The following is added to Section IV-Conditions:
>
> Two or More Policies Issued By Us:
>
> If more than one coverage form or policy issued to you by us or any company affiliated with us applies to the same "occurrence" or offense, the most we will pay for "bodily injury"... arising out of such "occurrence" is the highest applicable Limit of Insurance under any one coverage form or policy, regardless of the number of coverage forms or policies issued to you by us, or any company affiliated with us that apply to the same "occurrence" or offense. This condition does not apply to any coverage form or policy issued by us or any affiliated company specifically to apply as excess insurance over this insurance.

## COUNT I-DECLARATORY JUDGMENT

51.   The allegations of paragraphs 1 through 50 are incorporated as if fully set forth herein at length.

52.   The allegations of liability described in the McMahon Action are based on an injury to the McMahon Plaintiffs which occurred at a premises other than the

11

designated premises on the Harleysville Businessowners or the Harleysville Worcester Commercial General Liability.

53.     The allegations of liability described in the McMahon Action are based on an acts or omissions of Joshua Prince which occurred at a premises other than those designated premises on the Harleysville Businessowners or the Harleysville Worcester Commercial General Liability policy.

54.     The bodily injury claimed by the Plaintiffs in the McMahon Action did not arise out of the ownership, maintenance or use of those premises identified in the endorsements of said policies nor from operations necessary or incidental to those premises.

55.     As a consequence, Harleysville Insurance Company and Harleysville Worcester Insurance Company is not obligated to defend or potentially indemnify the Prince Law Offices, P.C., Joshua Prince or the Civil Rights Defense Firm, P.C. for its/their potential liability in the McMahon Action.

**WHEREFORE,** Plaintiffs Harleysville Insurance Company and Harleysville Worcester Insurance Company request entry of a declaratory judgment in its/their favor and against Prince Law Offices, P.C., Joshua Prince and Civil Rights Defense Firm, P.C. and request that the court issue an order declaring that (1) Harleysville Insurance Company and Harleysville Worcester Insurance Company is not obligated to defend or indemnify Prince Law Offices, P.C., Joshua Prince and Civil Rights Defense Firm, P.C. for the allegations of liability in the civil action <u>Darin and Tiffany McMahon et al v. Rockwell Tactical Group, LLC et al.</u>, pending in the United States

12

District Court for the Eastern District of Pennsylvania, Docket 5:19-cv-05292-JFL; and (2) such further relief that the court deems just and appropriate.

## COUNT II-DECLARATORY JUDGMENT

56.   The allegations of paragraphs 1 through 55 are incorporated as if fully set forth herein at length.

57.   The Civil Rights Defense Firm, P.C. is a separate corporate and business entity from that of Prince Law Offices, P.C.

58.   The Harleysville Businessowners and Commercial General Liability policies do not confer insured status to a corporate entity other than the corporation identified on the Declarations; accordingly, the Civil Rights Defense Firm, P.C. is not an insured under said policies.

59.   As a consequence, Harleysville Insurance Company and Harleysville Worcester Insurance Company is not obligated to defend or potentially indemnify the Civil Rights Defense Firm, P.C. for its potential liability in the McMahon Action.

**WHEREFORE**, Plaintiffs Harleysville Insurance Company and Harleysville Worcester Insurance Company requests entry of a declaratory judgment in their favor and against Prince Law Offices, P.C., Joshua Prince and Civil Rights Defense Firm, P.C. and requests that the court issue an order declaring that (1) Harleysville Insurance Company and Harleysville Worcester Insurance Company is not obligated to defend or indemnify the Civil Rights Defense Firm, P.C. for the allegations of liability in the civil action <u>Darin and Tiffany McMahon et al v. Rockwell Tactical Group, LLC et al.</u>, pending in the United States District Court for the Eastern District

of Pennsylvania, Docket 5:19-cv-05292-JFL; and (2) such further relief that the court deems just and appropriate.

## COUNT III-DECLARATORY JUDGMENT

60.     The allegations of paragraphs 1 through 59 are incorporated as if fully set forth herein at length.

61.     To the extent that Joshua Prince is an employee of Prince Law Offices, P.C. he is an insured but only for acts within the scope of his employment by Prince Law Offices, P.C. or while performing duties related to the conduct of the business of Prince Law Offices, P.C.

62.     Upon information and belief, participation as an instructor in a force on force reality based scenario at the TATS facility for the benefit of Rockwell Tactical Group, Inc., Threat Assessment and Tactical Solutions Group, LLC, Primal Defense Training LLC or True North Concepts, LLC, is not an act within the scope of employment for the Prince Law Offices or a duty related to the conduct of the Prince Law Offices' law business.

63.     The alleged negligence described in the McMahon Complaint particularly as it pertains to the failure to frisk Cody Saylor or to prevent or otherwise identify that he was armed, or to prevent Saylor from shooting Darin McMahon, is upon information and belief, not an act or omission within the scope of Joshua Prince's employment for the Prince Law Offices, P.C. nor does it involve duties related to the conduct of the Prince Law Offices' law firm business.

14

64.    Further, Joshua Prince is not an insured under the Harleysville policies for any acts or omissions in his capacity as a representative of, or in the conduct of the business of, the Civil Rights Defense Firm, P.C.

**WHEREFORE**, Plaintiffs Harleysville Insurance Company and Harleysville Worcester Insurance Company requests entry of a declaratory judgment in their favor and against Joshua Prince and Civil Rights Defense Firm, P.C. and requests that the court issue an order declaring that (1) Harleysville Insurance Company and Harleysville Worcester Insurance Company is not obligated to defend or indemnify Joshua Prince for the allegations of liability in the civil action <u>Darin and Tiffany McMahon et al v. Rockwell Tactical Group, LLC et al.</u>, pending in the United States District Court for the Eastern District of Pennsylvania, Docket 5:19-cv-05292-JFL; and (2) such further relief that the court deems just and appropriate.

## COUNT IV-DECLARATORY JUDGMENT

65.    The allegations of paragraphs 1 through 64 are incorporated as if fully set forth herein at length.

66.    The Businessowners Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time".

67.    The Harleysville Commercial General Liability policy as modified by endorsement defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including mental anguish or death resulting from any of these at any time.

68.     The Harleysville Businessowners Policy does not confer coverage for the claims of negligent infliction of emotional distress brought by Plaintiffs Tiffany and Sean McMahon as said Plaintiffs seek to recover damages on account of emotional distress injuries and not "bodily injury".

**WHEREFORE**, Plaintiffs Harleysville Insurance Company and Harleysville Worcester Insurance Company requests entry of a declaratory judgment in their favor and against Joshua Prince and Prince Law Offices, P.C. and requests that the court issue an order declaring that (1) Harleysville Insurance Company and Harleysville Worcester Insurance Company is not obligated to indemnify Prince Law Offices P.C. or Joshua Prince for the allegations of liability of Plaintiffs Tiffany McMahon and Sean McMahon in Counts IV and V of the Amended Complaint in the civil action <u>Darin and Tiffany McMahon et al v. Rockwell Tactical Group, LLC et al.</u>, pending in the United States District Court for the Eastern District of Pennsylvania, Docket 5:19-cv-05292-JFL; and (2) such further relief that the court deems just and appropriate.

## COUNT V-DECLARATORY JUDGMENT

69.     The allegations of paragraphs 1 through 68 are incorporated as if fully set forth herein at length.

70.     Should it be determined that Harleysville Insurance Company and Harleysville Worcester Insurance Company have a duty to defend the Prince Law Offices PC or Joshua Prince, the Limits of Liability to respond to any adverse judgment or a settlement is subject to the Non-Pyramiding of Limits endorsement,

such that only one policy limit of One Million per "occurrence" applies to the total and collective liability of Prince Law Offices P.C., Joshua Prince or the Civil Rights Defense Firm, P.C., irrespective of the existence of two liability insurance policies.

**WHEREFORE**, Plaintiffs Harleysville Insurance Company and Harleysville Worcester Insurance Company requests entry of a declaratory judgment in their favor and against Joshua Prince, Prince Law Offices, P.C. and the Civil Rights Defense Firm, P.C., and request that the court issue an order declaring that (1) the Non-Pyramiding of Limits endorsement applies such that in the event of liability of Joshua Prince, Prince Law Offices, P.C. and/or Civil Rights Defense Firm, P.C., a single limit of liability of One Million Dollars applies irrespective of the existence of two liability insurance policies.

SWARTZ CAMPBELL LLC

_____
William T. Salzer
Attorney for Plaintiffs,
Harleysville Insurance Company and
Harleysville Worcester Insurance Company

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:   One West Nationwide Boulevard, Columbus, Ohio 43215-2220

Address of Defendant:   646 Lenape Road, Bechtelsville, PA 19505

Place of Accident, Incident or Transaction:   103-105 Kraemer Avenue, Stroudsburg, PA

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☒   No ☐

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _2/11/20_   X _____ Must sign here   42657
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
        *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☒ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify):* _____
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
        *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _William T. Salzer_ , counsel of record *or pro se plaintiff*, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _2/11/20_   _____ Sign here if applicable   42657
                  *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*