IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| HARLEYSVILLE INSURANCE COMPANY, *et al.*, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil No. 5:20-cv-01083-JMG |
| | : | |
| PRINCE LAW OFFICES, P.C., *et al.*, | : | |
| Defendants. | : | |

_____

**MEMORANDUM OPINION**

Plaintiffs are insurance companies who seek a judgment declaring they are without obligation to defend or indemnify their policy holder, an attorney and his affiliated law firms, in a separate tort action, in which a participant in a firearms training course was shot and rendered paraplegic. Before the Court is the motion of the attorney defendants to dismiss the declaratory action or, failing that, to stay such action until the resolution of the underlying tort case. For the reasons set forth below, the defendants' motion is denied.

**I.     BACKGROUND**

Plaintiffs, Harleysville Insurance Company and Harleysville Worcester Insurance Company, commenced this declaratory judgment action on February 25, 2020 seeking declaratory relief with respect to whether Plaintiffs, Attorney Joshua Prince and two affiliated law firms, are obligated to defend or potentially indemnify Defendants for allegations of liability in a civil action pending in this court and captioned *Darin and Tiffany McMahon et al. v. Rockwell Tactical Group, LLC et al,* Docket 5:19-cv-05292-JMG ("underlying action"). Plaintiffs are participating in providing a defense to Defendants in the underlying action subject

to a reservation of rights. Before the Court is Defendants' motion to dismiss the Amended Complaint and/or stay the civil action. Defendants challenge the existence of diversity jurisdiction and also argue that Defendants do not make factual averments that demonstrate a plausible basis for relief under F.R.C.P. 12(b)(6). In the alternative, Defendants request that the declaratory judgment action be stayed pending the completion of discovery in the underlying action. Oral argument with regard to Defendants' Motion was held on August 12, 2020.

## II.    DISCUSSION

### A.    Motion to Dismiss

As a preliminary matter, Plaintiffs' Amended Complaint adequately pleads facts to establish diversity jurisdiction, as the Amended Complaint avers that each Plaintiff is incorporated in the State of Ohio and was an Ohio corporation as of the date of the filing of this civil action. The Amended Complaint further avers that senior management and officers of the Plaintiffs all reside in Ohio. For purposes of diversity jurisdiction, a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of business. 28 U.S.C.A. § 1332. Accordingly, Defendants' Motion to Dismiss under F.R.C.P. 12(b)(1) is denied.

As to whether Plaintiffs' Amended Complaint states a cognizable cause of action for declaratory relief, the Motion to Dismiss under F.R.C.P. 12(b)(6) is likewise denied. Under the 12(b)(6) standard, "the court must determine whether the complaint is supported by well-pleaded factual allegations." *Wolfington v. Reconstructive Orthopaedic Associates II, P.C.*, 268 F. Supp. 3d 756, 760 (E.D. Pa. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, the court must find

that the moving party is "plausibly" entitled to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). In other words, the moving party must allege a clear and concise claim showing that they are entitled to relief and support such claim with sufficient facts so as to render it plausible. *See Iqbal,* 556 U.S. at 555. The court may consider "the pleadings and attached exhibits, [and] undisputedly authentic documents attached to the motion…if plaintiff's claims are based on the documents." *Atiyeh*, 742 F. Supp. 2d at 595. During this analysis, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005).

Plaintiffs here seek a judicial declaration as to their obligation to defend and indemnify Defendants with respect to the underlying action. Plaintiffs' Amended Complaint seeks declaratory relief based upon the allegations of the Complaint in the underlying action and the applicable insurance policies. Plaintiffs have pled that the policies at issue here contain endorsements that limit coverage to designated premises and that the facility where the shooting took place in the underlying action is not one of the designated premises. Plaintiffs have also pled that Defendants were not engaged in operations "necessary or incidental" to those premises, as required for coverage under the policies. Finally, Plaintiffs also allege that, to the extent that the Prince-affiliated Civil Rights Defense Firm seeks coverage in the underlying action, this firm was not listed as an insured on the policies entered with Prince and Prince Law Offices, and is entitled to neither defense nor indemnification under these policies. For today's purposes, the Court is satisfied that Plaintiffs have plausibly established that they are entitled to pursue the relief sought.

The Court must also determine whether declaratory action would be appropriate given the circumstances of the case in which it is sought. "District courts have broad discretion in deciding whether to entertain declaratory judgment actions." In*vensys Inc. v. American Mfg. Corp.*, No. Civ. A. 04-3744, 2005 WL 600297, at *5 (E.D. Pa. March 15, 2005). To that end, the Third Circuit has enumerated the following factors that a district court should consider, to the extent that they are relevant, when determining whether to exercise its discretion under the Declaratory Judgment Act:

1. the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
2. the convenience of the parties;
3. the public interest in settlement of the uncertainty of obligation;
4. the availability and relative convenience of other remedies.
5. a general policy of restraint when the same issues are pending in state court;
6. avoidance of duplicative litigation;
7. prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for r*es judicata*; and
8. an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 146 (3d Cir. 2014)

This Court finds that the factors it must consider in determining whether to exercise jurisdiction under the Declaratory Judgment Act weigh in favor of exercising its jurisdiction. A parallel state proceeding does not exist here. Moreover, it bears emphasizing that the action does not present legal issues that are unsettled, as the duty to defend and indemnify under Pennsylvania law is a straightforward issue. Pennsylvania law makes clear (1) that an insurer must defend a claim against its insured, until and unless it is clear that there is no possible coverage under the claim, and (2) that this duty to defend is broader than the duty to indemnify. *See generally*, *Pa. Nat'l Mut. Cas. Ins. Co. v. St. John*, 106 A.3d 1, 14 (Pa. 2014). It is within this context that the Court conducts a "four-corners" comparison of the coverage agreement with the

4

allegations of the complaint underlying the tort action, to determine whether Plaintiff insurers are obligated to defend Defendants. *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 249 (3d Cir. 2019).

Plaintiffs here seek a judicial declaration that would resolve the uncertainty of the obligation giving rise to this controversy. The request is a reasonable one. The massive potential cost of defending the underlying tort action, let alone indemnifying for damages, supports an early adjudication of the obligations of the insurer Plaintiffs. Such costs impact not only the insurers but also consumers to whom such business costs are ultimately passed. Further, while we are mindful of the preference to avoid a conflict between an insurer and its insured, we anticipate no such conflict here. Litigating the obligations of the insurer under the insurance contracts creates no foreseeable obstacle upon the ability of Defendants to defend against the allegations of tort liability in the underlying case.

### B.     Motion to Stay

As an alternative to dismissal, Defendants ask the Court to stay this action pending completion of discovery in the underlying litigation. "[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment.... In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995).

The Court has determined that a stay is not appropriate in this case. The possible damage

that may result from granting the stay is immediately apparent: Plaintiffs must continue to represent Defendants in the underlying action and must incur any related expenses in doing so. Conversely, Defendants are faced with a Complaint here that potentially demands that they set forth how they may be held liable in the underlying suit, which could be detrimental to their defense in that action. It would be manifestly unfair for Defendants to be forced to explain facts or arguments that could be detrimental to their defense in the underlying suit. However, the dispute here over contractual interpretation involves different interests and proofs than the underlying tort action. This case concerns whether the Plaintiff insurance companies have an obligation to defend and indemnify Defendants pursuant to the insurance contracts. By contrast, the tort action concerns the potential liability of Defendants in the tragic maiming of a participant at a firearms training course. The Court cannot conceive, nor have Defendants thus far offered, a plausible scenario in which litigating the instant complaint would compel them to make admissions or present a position that conflicts with their interests in defending the tort action.

This Court is in the unique position of presiding over both cases. Practical considerations favor proceeding with both actions simultaneously. While it is axiomatic that Defendants in this action should not be forced to jeopardize the defense in the underlying suit by pointing out potential future arguments that could lead to coverage and/or identify various theories to seek damages in the future, the Court anticipates the insurance issue can be resolved without requiring adjudication of the underlying facts. This is underscored by Plaintiffs assurances that discovery will be narrowly tailored to focus on contract interpretation and will not stray into an adjudication of the underlying facts in the tort case. This is a pledge the Court expects to be honored. Accordingly, the Court declines to stay this action.

### III. CONCLUSION

By their complaint, the insurer Plaintiffs ask the Court to review their contract with the Defendants to determine what obligations exist. We find this path preferable to Defendants' effective suggestion that Plaintiffs pay first and ask questions later. The Plaintiffs plausibly allege that the Defendants' demands for defense and indemnification are contrary to the specific terms of the insurance contracts entered between the parties. Further, the Court sees no risk of a conflict warranting a stay of this case until completion of the underlying tort case. As such, the Defendants' motion is denied.

An appropriate Order follows.

BY THE COURT: On December 1, 2020,

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge